DOWNEY, Judge.
A car, which appellant Hamilton was driving and in which Sammie Carter was a passenger, was stopped by Deputy Nault because it was being driven at 65 miles per hour in a 55 mile per hour zone. When Hamilton could not produce a driver’s license, Nault returned to his unit to make a driver’s license check. While Nault was doing so Deputies Wells and Sells arrived as a back-up team. Wells approached the driver’s side of the car, while Sells went to the passenger’s side. Sells ordered the passenger, Carter, out of the car. As he exited the vehicle Carter told Sells there was a gun in the car. Sells relayed this information to Wells. Wells testified that he saw a box under the front seat and asked Hamilton what was in it. Hamilton’s response was to push it further back under the seat, which gesture was seen by both Wells and Sells. Wells then asked Hamilton for the box, and as Hamilton exited the ear, he gave the box to Wells. Knowing there was a gun in the car, Wells was extremely concerned about his safety. He opened the box because he thought it might contain a gun. However, instead of a gun, the box contained a baggie of powder that appeared to be cocaine and Hamilton was placed under arrest for possession of cocaine. Thereafter, Sells saw a bulge under the mat on the driver’s side of the car; he picked up the mat and found a loaded .357 magnum. Since the car was partially on the roadway, it had to be towed, and a pre-towing inventory search of the car was conducted. The inventory search revealed approximately $4,700 cash in the car trunk.
Thereafter the state filed an information charging Hamilton and Carter with: (1) possession of cocaine with intent to sell, and (2) carrying a concealed firearm. Hamilton filed a motion to suppress physical evidence (the cash, the .357 magnum, and the cocaine).
The trial court granted Hamilton’s motion to suppress upon the ground
“that if the gun had been in the box it would have been securely encased and, therefore, the officer did not have probable cause to search the box for weapons. All subsequent searches were also illegal.”
We reverse the order of suppression on numerous grounds. First, we hold that, once Wells and Sells had probable cause to believe there was a gun in the car (and they clearly had such cause after Carter told Sells there was a gun in the car and Sells relayed the information to Wells), they had the right to protect themselves by searching the car and any areas accessible to the driver or passenger. Brown v. State, 358 So.2d 596 (Fla. 2d DCA 1978); Romanoff v. State, 391 So.2d 783 (Fla. 4th DCA 1980). A container (such as the box in the present *213 case) located in areas accessible to the car’s occupants is not immune from a search for weapons, because a weapon for which police are legitimately searching might be in the container. See Hochstetler v. State, 400 So.2d 974 (Fla. 4th DCA 1981); cf. New York v. Belton, — U.S. —, —, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981).
We disagree with the circuit court’s above quoted reasoning because a law enforcement officer ought not be required to guess at the risk of his life whether a box or other receptacle contains a securely encased firearm or one that is not securely encased. This is so because secure encasement of a firearm is a legal defense for an individual against a charge of unlawful possession of a firearm. § 790.25(3)(1), Fla. Stat. (1979). However, the possibility that a firearm is securely encased is neither a ground for nor a prohibition against a protective search for a firearm; such a possibility is legally irrelevant to the propriety of conducting a protective search. We hold that under the facts of this case the war-rantless search of the box was lawful as a protective search.
We further hold that the circuit court erred in granting the motion to suppress insofar as the loaded .357 magnum was concerned. We reiterate that the officers had probable cause to believe there was a gun in the car. When they did not find the gun in the box, they were justified in continuing their protective search for the gun in the rest of the car. Brown v. State, supra; Romanoff v. State, supra.
Last, since appellee concedes the validity of the inventory search turns on the validity of the search of the box and we have held that the search of the box was valid, we hold that the circuit court erred in suppressing the money found in the trunk of the car.
For the foregoing reasons, we reverse the order granting Hamilton’s motion to suppress and remand the cause with directions that the circuit court enter an order denying that motion.
REVERSED AND REMANDED, with directions.
GLICKSTEIN and HURLEY, JJ., concur.